**E-FILED**
Wednesday, 30 May, 2012  11:10:27 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | | |
|---|---|---|
| **HERMAN L. NITZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 12-CV-2122** |
| | ) | |
| **BANTRY GROUP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>OPINION</u>**

This case is before the court for ruling following a merit review hearing held on May 23, 2012.  Following careful consideration of Plaintiff's pro se Complaint (#1) and Plaintiff's statements at the merit review hearing, Plaintiff's pro se Complaint (#1) is dismissed. Plaintiff's pro se Motion for Appointment of Counsel (#2) is therefore MOOT.

BACKGROUND

On May 2, 2012, Plaintiff filed a pro se Complaint (#1) against: the Bantry Group, d/b/a Wexford Health Services, Inc.; Illinois Department of Corrections (IDOC) Medical Director Louis Shicker; IDOC Directors Randle, Taylor and Godinez; Wardens Anglin and Calloway; and Dr. Paul Talbot.  In Count One, Plaintiff alleged that Defendants Randle, Taylor and Godinez promulgated a pattern, custom, practice, policy or procedure of "force feeding plaintiff 'unfermented genetically altered soy laden products.'" Plaintiff alleged that these products caused permanent physical and psychological injuries and that Defendants were deliberately indifferent to his dietary needs.  In Count Two, Plaintiff alleged that Defendant Dr. Talbot refused to provide him with a prostate, colon and rectal examination which were necessary because of the physical  problems he has had because of the soy diet.

Plaintiff also alleged that he should be provided with these examinations because he is 49 years old.   In Count Three, Plaintiff alleged that Defendants Anglin and Calloway have denied Plaintiff's grievances without conducting proper investigations.   In Count Four, Plaintiff alleged that Defendants Bantry Group, Randle, Taylor, Godinez and Shicker have conspired to deprive Plaintiff of adequate medical care.

In his Complaint, Plaintiff stated that he has three strikes against him.   Plaintiff asked this court to waive the requirement that he pay the filing fee in full as he is in imminent risk of actual physical injury or death.   He said "since I am a[n] insulin diabetic and have hepatitis C virus and hypothyroidism[,] Defendants force feeding me soy and refusing to check colon & prostate & polyps etc., has exposed me to much greater risk of future injury or death."

At the merit review hearing, Plaintiff stated that he suffers from hypothyroidism and receives medication for this condition from Dr. Talbot.   Plaintiff stated that he suffers from diabetes and is seen by medical personnel twice a day in order to receive his insulin shots. He stated that he also has hepatitis C and receives lithium for depression.   Plaintiff stated that he was given a rectal exam by one of the nurses.   He also said that he had an EKG and was told it was normal.   Plaintiff was suspicious of this result because the test was repeated four times before a normal result was achieved.   From Plaintiff's description of the procedure, it appears that the test was repeated in order to obtain a proper connection for all of the electrodes necessary for the test.

ANALYSIS

This court is well aware that Plaintiff is a prolific filer in this and other courts and has no reason to doubt Plaintiff's assertion that he has accumulated three strikes.  This court has verified that, in this District, Plaintiff was assessed a strike by Chief United States District Judge James E. Shadid on June 16, 2011, in Case No. 11-CV-1143.

Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Therefore, a prisoner with three strikes cannot sue in forma pauperis, which would excuse him from having to pay the filing fee up front rather than in installments, unless he can show that he is "under imminent danger of serious physical injury."  See Robinson v. Sherrod, 631 F.3d 839, 843 (7th Cir. 2011), cert. denied, 132 S. Ct. 397 (2011), quoting 28 U.S.C. § 1915(g).  This exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

This court concludes that, accepting all of Plaintiff's allegations as true, he has not shown that he is under imminent danger of serious physical injury.  See Lockett v. Wexford Health Sources, Inc., 2011 WL 6029816 (C.D. Ill. 2011) (the plaintiff's claims regarding the soy included in the prison food and the alleged physical effects from the soy diet did not support the plaintiff's assertion that he was in imminent danger of serious physical harm);

Birdo v. Ott, 2010 WL 2836331 (C.D. Ill. 2010) (the plaintiff's claims that he was having medical problems due to "soy spiked" food served in prison did not meet the "imminent danger" exception in 28 U.S.C. § 1915(g)).  Therefore, this court denies Plaintiff's request to waive the requirement that he pay the filing fee of $350.00 in full.

Moreover, this court concludes that Plaintiff's Complaint must be dismissed because Plaintiff has not stated a claim upon which relief may be granted.  Plaintiff has acknowledged that he is receiving regular and appropriate medical treatment.  In his Complaint, Plaintiff is claiming that he has some physical effects from the soy included in his diet and is also claiming that he is not receiving all of the diagnostic tests that he would like to determine whether he may have medical conditions other than the conditions already diagnosed, which may or may not be connected to the soy in his diet.  These claims are not sufficient to show deliberate indifference to a serious medical need.  See Forbes v. Edgar, 112 F.3d 262, 266-67 (7th Cir. 1997).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible."  Wallace v. Taylor, 2012 WL 1601004, at *4 (S.D. Ill. 2012), citing Forbes, 112 F.3d at 267.  Plaintiff's continuing disagreement with the ongoing medical treatment he is receiving is not an issue in which this court will intervene. See Wallace, 2012 WL 1601004, at *4.  In addition, Plaintiff's claim that Defendants Anglin and Calloway have denied Plaintiff's grievances without conducting proper investigations does not state a claim.  See Wallace, 2012 WL 1601004, at *5.

IT IS THEREFORE ORDERED THAT:

4

(1) This court finds that Plaintiff was not in imminent danger at the time he filed his lawsuit.   This court also accepts Plaintiff's assertion that he has earned three strikes. Therefore, Plaintiff cannot proceed in forma pauperis by paying the filing fee in installments and the full $350.00 filing fee is due immediately.

(2) This court also concludes that Plaintiff's pro se Complaint (#1) must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has not stated a claim upon which relief may be granted.  This dismissal counts as a strike against Plaintiff and the Clerk of Court is directed to record this strike in the three-strike log.

(3) Because Plaintiff's case has been dismissed, his Motion for Appointment of Counsel (#2) is MOOT.

ENTERED this 30th day of May, 2012.


s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE